The next case is Clark v. Hanley. Please stand by. Please stand by. Please stand by. Please stand by. Please stand by. Please stand by. Please stand by. Please stand by. I'd like to start with the process problems. The federal rules of civil procedure offer two avenues to test the sufficiency of a claim. A motion to dismiss tests the legal sufficiency, and a motion for summary judgment tests the factual sufficiency. Rule 12D is the traffic controller between them, directing motions to summary judgment when the need to look beyond the complaint arises. Flouting all of those rules, the district court here held an evidentiary hearing on a motion to dismiss, where it made findings of fact and credibility determinations to grant it. As this court put it in Palin, that runs headlong into the federal rules. Well, but there are lots of cases that advocate having a hearing like this. Absolutely. We think an evidentiary hearing and fact-finding in general is extremely important because equitable tolling is a fact-intensive issue, but the question is when you do that and in what circumstances, what other processes are afforded. A motion to dismiss is not an occasion to find facts. So once the district court decided there was a need to look at the facts, the proper thing to do was to convert the motion and afford the parties an opportunity to conduct due discovery, because without it, what's left is an incomplete record. And the district court then was looking at only certain facts without giving Ms. Clark the opportunity to reduce others that could corroborate her case and explain what else was going on. What category of evidence do you claim the district court precluded as far as, you know, on the remand was to conduct discovery on the tolling, the equitable tolling issue? And it seems like the trial court's order was pretty unlimited as far as discovery on the tolling issue. What category of evidence do you claim you were precluded from getting that would affect your tolling analysis argument for your client? The district court actually did not allow any discovery specific to tolling. The reason that we have some records here is that because as soon as the complaint was filed, counsel for Ms. Clark submitted a request for production on the 1983 claims. That was before the motions to dismiss were even filed. Equitable tolling came up in the motions to dismiss and that argument on the motion to dismiss, and at that point, no more discovery was allowed. And as counsel for Ms. Clark explained at argument, that left gaps in the record. So for instance, we could not adduce expert testimony to speak to Ms. Clark's condition or what the medical records might mean. And this court, in cases like Brown, has explained that medical expert testimony is extremely illuminating in an individual mental conditions case. Additionally, we couldn't test the records the state did already produce. They showed up with records, but we had no opportunity to follow up. We had no opportunity to cross-examine the people who wrote those records or produced them. We could not serve additional interrogatories, request additional documents. There was no discovery allowed specific to tolling. And that left... You seem to think that the primary focus of the tolling problem would be your client's testimony and what your client had to say about the extraordinary circumstances that prevented her from moving forward with her claim. So what would this other discovery... What did you hope to find or what do you speculate you could have found that would have buttressed her claim? I think two things. The first is that even focusing on her own testimony, the district court then relied on it to make credibility determinations and findings of fact that we had no opportunity to support. So, for instance, if we could get in a medical expert to explain what was happening to her, that could corroborate her testimony. Likewise, if we could bring in witnesses to speak to how she was acting during the period we're seeking to have told, that too might corroborate how she was feeling at the time. We also should have had an opportunity to see... The district court might have reached a different credibility finding with some corroborating evidence, is what you're saying? Exactly. And that's why this court in Palin explained that the district court shouldn't be making credibility determinations on a motion to dismiss. The district court shouldn't even be making credibility determinations on a motion for summary judgment. Those are not appropriate at any time before trial. Well, you do say that the district court has a fact-finding role in this context, right? So it's a little different from a merits determination on a summary judgment motion. I think setting aside the Seventh Amendment issue, the problem with the fact-finding is still that it happened on an incomplete record. So regardless of whether the fact-finder is a judge or jury, the parties should still get the due process under the federal rules of civil procedure to create a record for that fact-finder to make a determination. I'd also like to touch briefly on the... So just making sure I understand. So it's not the credibility determination, but the timing of the district courts holding the hearing at a very early stage in the proceedings and your limited discovery in terms of corroborating your client's testimony. So again, setting aside the Seventh Amendment issues, if the district court were to convert the motion to provide the parties opportunity to conduct discovery, build out the record within exercise of its discretion, and then make that determination, then we don't think that it's improper for the district court to make findings that act on equitable issues. There is a possibility of holding a trial on certain issues, right? Where credibility findings could be made. As to the Seventh Amendment issues? Well, is it Rule 42B? Sure, under Rule 52, the district court can hold a bench trial, and if it does hold a bench trial, it's supposed to make findings of fact and conclusions of law separately. The district court certainly didn't do that here. It didn't purport to a caption, it's a motion to dismiss. It made no reference to any standard other than... The district court was still calling it a motion to dismiss. Exactly, it didn't reference summary judgment. It certainly didn't reference Rule 52. But even, you're saying, even on a motion for summary judgment, the court can't really make fact findings. Right. Unless it's the only finding that a jury could reach. Exactly. So the district court on summary judgment could say that there are no material disputes of fact. We don't think that's the case here. Then the thing to do would be to treat this as if it was a trial and give the parties due process in that circumstance as well. I see my time has expired. If there are further questions. Can you briefly address the Seventh Amendment issue? Yes, on the Seventh Amendment issue, this court has explained in cases like Wade that where there are common issues of fact between the legal claims and the equitable claims, those common issues have to be tried to a jury in the first instance and be given preclusive effect by an equitable finder later. That didn't happen here at the outset. The district court just said equitable tolling is an equitable issue without looking to whether there were common issues of fact. And what do you say the common issues of fact are? As to Ms. Clark's sexual assault claims, they generally speak to the circumstances of the assault and the consequences of the assault, which she would have to show in her 1983 claims by showing the severity as well as her emotional distress damages. And on the deliberate and different claims, they basically go to defendants' states of mind. So she would have to show for her 1983 claims that defendants were acting with deliberate indifference towards her and the risks that she faced. And here the district court specifically found that defendants were doing the right thing during that exact same period. And that overlap would have been avoided if the district court had followed the procedures laid out in the Federal Rules of Civil Procedure, which under Rule 12 limit you to the legal allegations and under Rule 56 to only undisputed questions of fact. Thank you. Thank you. Good morning. May it please the court. Can you hear me? My name is Stuart Katz from the law firm of Cohen & Wohl from Bridgeport, Connecticut. I was appointed by the district court, Judge Meyer, as pro bono counsel for defendant Thomas Hanley. As this court knows, this case was remanded by this court after Judge Meyer's sua sponte dismissed the original application or the original complaint filed by Ms. Clark on statute of limitations grounds. So if it is indeed a motion to dismiss and the trial court apparently considered it to be a motion to dismiss, could the court make findings of fact, credibility findings? I believe that the court could, Your Honor. I mean, there's a substantial record of case law where courts have held evidentiary hearings on motions to dismiss and had necessarily had to make... It's one thing to hold a hearing. It's another thing to then say, I don't believe the witness. And I understand that point, Your Honor. I do think that there are cases, however, where it's made clear that findings of fact can be made at those hearings. So there really are cases going both ways. I don't dispute that, but... So what's the right answer? Applying the rules, the principles, how should this be done? Look, I think what happened here is Judge Meyer received this case on remand. Motions to dismiss were filed by myself on behalf of Mr. Hanley and by AG's office on behalf of the other defendants. There was an oral argument hearing on those motions to dismiss. During that hearing, at which point I argued that Judge Meyer had enough to rule, but during that hearing, Judge Meyer sort of wondered aloud as to whether or not he might want to hear some testimony from the plaintiff as to the depth of the factual allegations in the complaint. Now, bear in mind, when the case was remanded, Judge Meyer appointed pro bono counsel not just for my client but also for the plaintiff, and counsel for the plaintiff filed two amended complaints, knowing that equitable tolling was the focus of the remand. They alleged, I think, in five different paragraphs, whatever facts they believed were sufficient to get over the hurdles of equitable tolling, bearing in mind, of course, that it's a very rare and exceptional doctrine. Hearing the arguments, Judge Meyer, mindful of the remand, I imagine, wondered whether he might want to hear testimony from Ms. Clark to put some depth into the factual allegations. There was a colloquy on the record. Contrary to what's asserted in the appellant's brief, predecessor counsel for Ms. Clark did not object. There was a discussion about what discovery counsel might want. Judge Meyer then issued a written order following the oral argument. That written order is S.P.A. 1, I believe, where he laid out exactly what his intent was, was to hold a hearing, an evidentiary hearing for the testimony of the plaintiff, requiring that the state produce the outstanding discovery that plaintiff's counsel was looking for. So it was very clear what Judge Meyer intended to do, that this was going to be an evidentiary hearing on the motion to dismiss. There was no objection filed, certainly not to that written order. There were no objections raised at the evidentiary hearing. It was a lengthy hearing, and Judge Meyer received the evidence that he said he was seeking to receive. And his decision obviously speaks for itself. He made the findings. Well, I'm trying to figure out, you know, the legal basis for making findings of fact and credibility findings on a motion to dismiss. It sounds like your argument is waiver. Well, to the extent that, yes, I would certainly contend that there was waiver. Assuming it wasn't waiver, what's the, I'm trying to, you know, what is the right answer under the law? Because the cases are, you know. And I understand that. I think given the uniqueness of the fact, this was not, this is not like the Palin case, which is extensively cited by the plaintiff, where the hearing related to a motion to dismiss on a legal element. Instead, this has to do with equitable tolling. That was the answer. I was on the panel. Right. It is different. Yeah, and this is. It's similar, but different. Similar, but different. But different in important ways, I contend. Because the discrete issues here had to do with the obstacles that prevented the plaintiff filing. My question was, what's the right answer? Now you're telling us Palin is different. Under the rules, can a district court on a motion to dismiss make findings of fact and credibility findings? We believe it can, Your Honor. And based on what? Well, the, let me, let me. I see I'm running out of time, so give me a moment if I may. So the Montgomery case, for example, you know, the Wen-Liu case, both of which are cited, right? In the Wen-Liu case, the court found the court may conduct an evidentiary hearing to decide disputed issues of fact regarding whether a party is entitled to equitable tolling. There's precedent for doing exactly what Judge Meyer did. Right, but we've already established that there are cases that go both ways that are inconsistent. And I'm just, you know, as a theoretical basis, as a rule basis, as a concept basis, what's the right answer? I think that in a situation like this, where the equitable tolling issues do not overlap with the facts necessary for a jury to resolve the merits of the claim, the manner in which the case was handled by the district court was appropriate, Your Honor. We sometimes talked about converting, the district court should have converted this into a summary judgment motion and failed to do that. And we've sometimes overlooked that on appeal. Does that have any relevance here? I mean, would you need to have converted this to a summary judgment motion? Does it make any practical difference? Well, to the latter, we don't believe it makes any difference. We don't think it was necessary, and we don't think it would have made a difference. And you say that the district court should be sensitive that there not be an overlap between issues that are reserved for the jury and the equitable tolling issue. You say there isn't any overlap here. But your colleague has said there was such an overlap that the Seventh Amendment rights of my client were not taken account of in this procedure. Quickly, I will. Respectfully, we disagree with that. The equitable tolling issues have to do more so with the plaintiff's state of mind. The ultimate issues under the 1983 claim and the deliberate indifference claim, as counsel just said, the deliberate indifference claim goes to the state of mind of the defendants. The actions underlying the 1983 claim go to the conduct of the defendants, most of which is undisputed, I might note. Any overlap that could potentially come into play, I would imagine, would only be as to plaintiff's testimony at trial relating to damages. But even so, if the case had gone to trial, any determinations that Judge Meyer might have made about credibility would not have been preclusive or in any way impacted the jury's purview if it was looking at damages down the road on a 1983 claim. Is your response similar then to your opponent's claim that what they were deprived of during discovery, additional discovery as to the tolling issue? Is your response the same, that it really falls on the plaintiff here, state of mind? I believe so. That's why I argued at the original oral argument when Judge Meyer suggested, might want to hear evidence. I took the position that I didn't think that the court needed to look at anything beyond the pleadings. Now, the court, I think out of an abundance of caution, asked plaintiff's counsel, well, what is it that you would want? And they got what they wanted. I don't see that any additional discovery would have been appropriate or, frankly, helpful. Because I don't understand what evidence would have potentially been brought to the court that would have helped understand- Such that the district court might not have made an adverse credibility finding. I mean- An expert, for example? I don't know that an expert could have helped, Your Honor. In other words, the plaintiff testified that for a period of at least three years, she didn't do anything to pursue this claim. That's not disputed. An expert wouldn't have changed that. Well, an expert might have opined on why she wouldn't say anything for three years. Well, that's possible, but there is evidence in the record, and it's discussed by Judge Meyer, of the fact that the plaintiff did, during the relevant time period, discuss the underlying facts regarding the sexual assault. The plaintiff did access and, on a pro se basis, file a habeas corpus petition. So there were no extraordinary obstacles impeding the plaintiff's ability to file. If there's nothing further, I've exceeded my time. Thank you. May it please the court. Assistant Attorney General Zenobia Graham-Days. I'm here on behalf of the state defendants, specifically Kevin Manley, Mr. Rodoff, Peter Murphy, Kim Ware, Robert Kuros, as well as the Doe defendants. The court has asked a very simple question, and that is, what's really happening here? And in response to that, we say, juries decide cases, not issues of judicial traffic control. That's what this is about. It's about the gatekeeping function. The court was very, very clear that before we could go any further, we had to decide whether or not the plaintiff satisfied her burden as it relates to equitable tolling. The plaintiff was given every opportunity to do so. But what we're seeing here is a change in position. The plaintiff is now trying to present arguments that were waived below. When it comes to an evidentiary hearing, the record is very, very clear. Plaintiff's counsel said, and this is page A, 566, lines three through five. We would certainly be willing to do whatever the court thinks is the right approach in terms of how to tailor this evidentiary hearing. Now- But that's a waiver to say that we'll do whatever your honor orders. That's not an objection. That's not an issue that's being preserved on appeal. And what we're seeing as it relates to having an issue presented to a jury below, plaintiff's counsel is saying, allow me to get to the summary judgment stage before deciding equitable tolling. Allow me to just get to the summary judgment stage so that I can get discovery. Is there consent to the district court making findings of fact and credibility determinations at this hearing? Yes, because the plaintiff's counsel did not oppose. The plaintiff's counsel did not file, did not oppose the court's suggestion as it relates to an evidentiary hearing. Plaintiff's counsel acquiesced. Plaintiff's counsel came with their statements that were- You can have an evidentiary hearing where the plaintiff proffers the evidence. And the court can say, assuming that's all true, that's not enough. Summary judgment granted. That could be a possibility for having a hearing. And I think some courts have done it that way. The court does have the discretion to make credibility findings as it relates to the evidentiary hearing. There's nothing before this court that- On a 12B6 motion? As it relates to a 12B6 motion, we're saying yes. And we're saying that that's part of the court's gatekeeping function. And we're relying on Mandarino. When we're looking at Mandarino, one of the things that the court is making clear in its decision is that before proceeding, the district court has the discretion to decide equitable tolling. And that's what happened here. And when we're looking at the arguments that are being presented now, we're saying that those arguments were waived. As it relates to retaliation, plaintiff's counsel before the district court says, apply the standard, the retaliation standard used in Davis. I'm quoting from Mandarino. The district court should not have resolved the fact-specific equitable tolling issue on defendant's motion to dismiss. When, as here, the facts are disputed, the best practice is to analyze a question of mental capacity in the context of summary judgment. That's from Mandarino. Yes, but if you look- Did the district court do that here? Yes, but if you look just above in Mandarino, same passage. It says the district court will act well within its discretion on remand if it required the plaintiff to demonstrate its grounds for equitable tolling before proceeding further with the case. That's what the court said in Mandarino. And so- And that goes to what I was saying earlier. The plaintiff should proffer what the plaintiff has. And if that's not enough, that's the end of the case. But if there are specific facts proffered and the facts are disputed, then the best practice is to convert to summary judgment. There were no facts in dispute. Okay. And what we're saying to this court that even if the court was supposed to convert this, that in and of itself is harmless error. When we are looking at this- If it were converted to a summary judgment motion, wouldn't the court be obliged to resolve conflicts in the evidence in favor of the party opposing summary judgment? There was no conflict when it comes to the evidence because the only- Suppose there was. I mean, the district court in the end says, I don't believe her. That's a credibility finding. But that was a decision that the court had authority to make. You're saying there was no conflict in the evidence. Isn't that a conflict in the evidence? She says one thing and the court says, I don't believe you. Not necessarily. Because if we're looking at what's been asserted by the plaintiff, there is nothing before this court that would call into question the credibility findings that's actually been made. That's not even being challenged here. And what we're saying is not only are these different arguments from the arguments that were presented below that waived, and that this pretty much amounts to an ambush of the district court judge. Because when we're looking at what was actually discussed on the record, we see that the court was trying to exercise its gatekeeping function and accommodate the plaintiff by offering her every possible opportunity to establish equitable tolling. There was a discussion about what documents may have been needed. And the court was very clear, we're limiting this to equitable tolling. We're not going to deal with the merits of the case. There's no overlap in the merits of the case, which is why the court had authority to make the decision when it did. This is purely about traffic control. We'll hear rebuttal. I'd like to make just a few brief points. Starting with the fact that there is no case from this court saying that a motion to dismiss is an occasion to find facts. The cases don't go both ways on that. It's clear that if the district court thinks that there's a factual issue, a motion to dismiss is not the place to decide it. And that's because, as Palin explains, the federal rules of civil procedure protect- How do you respond to the argument that the facts are undisputed? We absolutely believe that they're disputed in several different ways. We don't think that Ms. Clark is uncredible. We don't think that her sexual assault wasn't severe. We don't think that she didn't face a threat of harm from defendants. What precise factual question is in dispute? I mean, courts and juries make credibility assessments all the time, right? And that credibility assessment can be made in the absence of contrary evidence or when there is contrary evidence. Your opponents here say your client stated her position and the court didn't find it credible. But that doesn't necessarily create an issue of fact. What is the issue of fact? What was introduced besides your client's testimony that would counter- What is the issue of fact? Is it just her credibility? And if so, what did you present? No, it's her credibility as to specific factual questions, as your question suggests. So, for instance, it's about how severe the assault was, what happened to her in the aftermath that impeded her ability to sue, what defendants did to her, what their officers said to her, whether she received any help or support. Those are all live factual questions as to whether or not she was reasonably impeded from suing earlier than she did. And all she could offer was her- is what is based on the impact of these assaults, right? So if- isn't the judge's credibility finding that that was insufficient to justify the three-year delay? And if that was the question, what was the factual dispute? So as a matter of law, certainly her mental condition would have been enough- mental condition can be enough to total the statute of limitations, as this court has said in Brown. And then whether that condition was, in fact, sufficient to rise to that level is factual. Her testimony on that is factual. Her credibility on that is factual. How she experienced- Because don't judges make those assessments all the time when someone's late with a filing? Do judges look at what the reasons are? And are they sufficient or insufficient? Well, the question here is one under equitable tolling and not, as counsel said, just a matter of traffic control. This is a question of whether or not her individual circumstances were extraordinary enough to prevent her from filing any earlier than she did. And this court has explained in cases like Brown and cases like Mandarino that came up that that's fact-intensive, that that depends on what happened to her, how she experienced it, what was the circumstances surrounding her. That's why this court has said that discovery is necessary. So hypothetically, if a judge were to say, you know, even if I credit the plaintiff, everything the plaintiff said, I still don't think it's enough. So then it would become- To justify not filing within three years. Then it would become a question of law. But at that point, cases from this court say that mental condition can be enough. And what we were trying to show as a factual matter is that Ms. Clark's mental condition- In every case, mental condition- No, no. But that line between in every case or in this case is the factual question. I also want to touch briefly on preservation, which came up. I think we've addressed this at length in our briefs, so I don't want to belabor it. But I'd point the court to A557, where the district court first raised this issue. And counsel says, the issue I have with the hearing is that it's deciding tolling without the benefit of discovery. He says again at A565-66, this is fact-intensive and cutting off discovery is going to impede our ability to show it. And again at A577. And I'd also want to emphasize that as this court has explained, that nobody objected in Palin where the same procedure was used. But this court still reached it because it goes to a fundamental question of due process that's live here as well. Finally, by way of closing, I want to emphasize the gravity of what has happened to Ms. Clark, what defendants have done to her. Sexual assault is terrorizing. It entails a show of the perpetrator's imperviousness to the law that's all the more acute when that perpetrator is also a jailer. And when officers of the state make a joke of it at every turn. That was Ms. Clark's experience as she suffered from an independently severe psychiatric condition. Together, that merits tolling. It at least merits a fair shot to show extraordinary circumstances. We ask that the court order tolling or at a minimum vacate the decision below. Thank you. Thank you all. And we'll take the matter under advisement. That completes the ARCA calendar for this morning. So I'll ask the deputy to adjourn. Court is adjourned.